Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiffs Shanthi R. Hejamadi and Ricardo Varela*

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395
*Attorneys for Plaintiff Ricardo Varela*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANTHI R. HEJAMADI and RICARDO VARELA, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:18-cv-13203-KSH-CLW<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs, Shanthi R. Hejamadi and Ricardo Varela, individually and on behalf of all others similarly situated, by way of First Amended Complaint against Defendants, Midland Funding, LLC; Midland Credit Management, Inc., (and John Does 1 to 10) states:

### I. NATURE OF THE ACTION

1. This action stems from Defendants' conduct and failure to comply with the Fair Debt Collection Practices Act[1] ("FDCPA"), when attempting to collect consumer debts from consumers, by falsely threatening that "[i]f the account goes to an attorney, our flexible options may no longer be available to you."

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

4. Plaintiff Shanthi R. Hejamadi ("Hejamadi") is a natural person residing in Bergen County, New Jersey.

5. Plaintiff Ricardo Varela ("Varela") is a natural person residing in Essex County, New Jersey.

6. Defendant, Midland Funding LLC ("MF"), is a Delaware limited liability company with its principal place of business at San Diego, California. MF is engaged in the purchase and collection of defaulted consumer debts.

7. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. MCM is engaged in the purchase and collection of defaulted consumer debts.

---

[1] 15 U.S.C. § 1692 *et seq.*

8. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.   FACTS

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. The principal purpose of Defendants is the collection of debts.

12. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

13. Defendants have asserted that Plaintiffs incurred or owed certain financial obligations arising from certain accounts which arose from one or more transactions which were primarily for Plaintiffs' personal, family, or household purposes ("Debts" or "Accounts").

14. The debts alleged to be owed by Plaintiffs and those similarly situated were incurred for personal, family or household purposes.

15. Defendants contend that the Accounts were past-due and in default.

16. The Accounts were past-due and in default when it was placed with or assigned to Defendants for collection.

17. In attempts to collect a debt from Hejamadi, Defendants mailed collection letters to Hejamadi on or about October 25, 2017 and November 13, 2017.  A true but redacted copy of the collection letters are attached as ***Exhibit A***.

18. In attempts to collect a debt from Varela, Defendants mailed a collection letter to Varela on or about November 14, 2017. A true but redacted copy of the collection letter is attached as *Exhibit B*.

19. The collection letters were mailed in attempts to collect the Debts.

20. The collection letters stated "**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There is still an opportunity to make arrangement with us."

21. Contrary to Defendants' statements, Defendants continue to offer flexible payment options for accounts even after they are sent to attorneys or after lawsuits have been filed.

22. Defendants do not intend to make flexible payment options unavailable.

23. Defendants never intended to make flexible payment options unavailable.

### V. POLICIES AND PRACTICES COMPLAINED OF

24. It is Defendants' policy and practice to send collection communications in the forms attached as Exhibit A and Exhibit B, which falsely threaten that flexible options will no longer be available.

25. Such policy and practice are in violation of the FDCPA.[2]

### VI. CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

---

[2] *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 745 (N.D. Ill. 2017)

27. Subject to discovery and further investigation which may cause Plaintiffs to expand, restrict, or otherwise modify the following class definition at the time Plaintiffs move for class certification, Plaintiffs seek certification of a Class initially defined as follows:

> All natural persons with an address within in the State of New Jersey, to whom, from December 1, 2016 through and including May 24, 2018, Defendants sent one or more letters in an attempt to collect a Citibank, N.A. debt which contained the same or similar statement that "If the account goes to an attorney, our flexible options may no longer be available to you."

28. Plaintiffs seek to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

29. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

30. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   A. Whether Defendants are debt collectors under the FDCPA;

   B. Whether Defendants violated the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f; and

   C. Whether Plaintiffs and the Class are entitled to statutory damages.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

32. Plaintiffs' claims are typical of the claims of the members of the Class.

33. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

34. Plaintiffs do not have interests antagonistic to those of the Class.

35. The Class, of which Plaintiffs are a member, is readily identifiable.

36. Plaintiffs will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

37. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

38. Plaintiffs do not anticipate any difficulty in the management of this litigation.

### VII. VIOLATIONS OF THE FDCPA

39. Plaintiffs, on behalf of themselves and others similarly situated, reassert and incorporate herein the allegations contained in the preceding and following paragraphs.

40. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

41. Plaintiffs and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money,

property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

42. The Debts are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

43. The debts alleged to be owed by the Plaintiffs and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

44. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

45. The collection letters attached as Exhibit A and Exhibit B, are "communications" as defined by 15 U.S.C. § 1692a(2).

46. Defendants' use of the written communications in the form attached as Exhibit A and Exhibit B sent to Plaintiffs and those similarly situated violated the FDCPA (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(5), and 1692e(10)) and 1692f.

47. Based on the violation, Defendants are liable to Plaintiffs and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Shanthi R. Hejamadi and Ricardo Varela, on behalf of themselves and others similarly situated, demands judgment against Defendants Midland Funding, LLC, and Midland Credit Management, Inc., as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiffs as the representative of the class, and appointing the attorneys of Kim Law Firm LLC and Law Office of Ronald I. LeVine, Esq. as class counsel;

B. For statutory damages in favor of Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(B) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

   C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   D. An award of actual damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)() to the extent the recovery of attorneys' fees and costs causes Plaintiffs or the Class a negative tax consequence;

   E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

   F. For pre-judgment and post-judgment interest; and

   G. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiffs demand trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except:

- *Rodriguez-Ocasio v. Midland Credit Management, Inc.*, 2-17-cv-12379-KM-JBC (D.N.J.); and
- *Tailor, et al. v. Midland Funding, LLC, et al.*, 2:18-cv-11320-SDW-SCM (D.N.J.).

                                                              KIM LAW FIRM LLC

                                                              *s/ Yongmoon Kim*

Dated: November 26, 2018                         Yongmoon Kim
                                                            *Attorneys for Plaintiffs on behalf of themselves and those similarly situated*